OLL COOLEY v. THE STATE.

No. 4987.   Decided May 1, 1918.

**1.—Theft of Horse—Sufficiency of the Evidence.**

Where, upon trial of theft of a horse, the evidence was sufficient to sustain the conviction, under a proper charge of the court, there was no reversible error.

**2.—Same—Continuance—Statement of Facts—Practice on Appeal.**

Where, upon motion for new trial, the evidence heard thereon was not filed in term time, the same can not be considered on appeal. Besides, there was no error in overruling the motion for continuance.

**3.—Same—Argument of Counsel—Alibi—Practice on Appeal.**

Where the appellant complained of the argument of State's counsel, to the effect that alibi testimony was the most unreliable, etc., and the record tended to show that this was in response to the argument of appellant's attorney, and that no injury resulted to the defendant, there was no reversible error.

Appeal from the District Court of Bowie. Tried below before the Hon. H. G. O'Neal.

Appeal from a conviction of theft of a horse; penalty, two years in the penitentiary.

The opinion states the case.

*C. A. Wheeler*, for appellant.

*E. B. Hendricks*, Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of horse theft and assessed the lowest punishment.

The testimony was amply sufficient to show, and therefrom the jury were clearly authorized to find, that on the night of June 8, 1916, the horse of Jesse Cox was stolen off of his place. The next morning the horse was tracked from Cox's place practically into Texarkana. The officers there were informed of the theft of the horse and undertook to find it and to locate and arrest the thief. A night or two later they

were informed by some horse traders where the horse could likely be found. They thereupon went from Texarkana a few miles in the country and found the horse tied near the road. No one was present at the horse at the time. Some of the officers then went past the horse and stationed themselves, the others went back toward where the horse was and passed it. In going back they saw appellant then on the horse going in the direction where the other officers had stopped. They tried to arrest him and catch the horse, but he ran, and ran into the officers stationed on the road. They tried to catch him and the horse, but he escaped from them and ran back where the other officers were. They again tried to arrest him. Both sets of officers fired repeated shots for the purpose of arresting and making him stop, but he ran faster, and when the last officers fired at him he either fell or got off the horse, ran through a fence and made his escape, at the time. They recovered the horse and restored it to the owner. Appellant went into Louisiana and was finally traced down and arrested many months after his said escape. He was positively identified by the officers who first attempted his arrest as stated. He is shown to have known said horse and been at his brother's, who lived right near where the owner lived, and saw it a short time before it was stolen.

He denied stealing the horse and denied that he was the person the officers caught with the horse, attempted to arrest and shot at as stated. His claim was that he was in Paris, Lamar County, at the time the horse was stolen.

All the issues raised by the testimony were submitted by the court in an apt charge, to which no objection was made.

Appellant made a motion for a continuance on account of the absence of four witnesses who lived at Paris. He alleged that by them he expected to prove that he was at Paris when the horse was stolen. After his conviction he made a motion for a new trial because of the refusal of the court to grant the motion for a continuance and attached thereto the affidavit of some of said Paris witnesses tending to show that they would swear that he was at Paris the night the horse was stolen. The State contested this motion. Three of these witnesses appeared and testified before the court when he heard the motion for new trial on this ground. One of the witnesses did not appear personally, but the State procured, filed and introduced his affidavit, which was positively against appellant and was the reverse in effect of what appellant alleged he would have testified to on trial. The judge in explanation of appellant's bill on this subject states that he heard these witnesses testify when he heard said motion and they would not swear that appellant was in Paris on June 8th; what they would swear was that some time during that month he was there, but they could not undertake to say when it was he was there. There is filed with the statement of facts of the main trial a statement of facts of the testimony of these several witnesses so heard by the judge, but that statement of facts was not filed until months after the adjournment of the court, hence it can not be considered. Tak-

ing the record as we find it, we must conclude that the court's action in
denying the motion for new trial on the ground as stated was correct
and that the testimony of these witnesses heard by him clearly justified
his so holding.

On the main trial of the case appellant in substance testified that he
could prove by said witnesses at Paris, if he could procure their attend-
ance, that he was at Paris the night the horse was stolen a day or two
before and several days continuously thereafter. He had his attorney
to also in substance testify that appellant furnished him just a day be-
fore the trial began the names of these witnesses and what they would
testify and his attempts to procure their attendance.

Appellant has some very meager bills to this remark made in argument
by the district attorney, viz: "This alibi testimony is the most unre-
liable testimony in the world and is so known to be by all the lawyers
and in all the books." The State contends that these bills are too de-
fective and incomplete to authorize their consideration by the court.
And he claims they do not exclude the idea that the remark of the dis-
trict attorney was in reply to appellant's counsel's argument. We will
give one of the bills in full; after the style of the cause, the court and
term, it is: "Be it remembered that on the trial of the above entitled
and numbered cause the district attorney in his closing argument in
referring to witnesses desired by the defendant, but who were absent,
and who would have given testimony tending to establish an alibi for
the defendant, used the following language: 'This alibi testimony is
the most unreliable testimony in the world, and is so known to be by all
the lawyers and in all the law books.' To which remarks the language
of the district attorney the defendant then and there objected, and the
objection being overruled, the defendant excepted and here tenders his
bill of exceptions No. 3, and asks that same be approved and filed as a
part of the record of this cause." This is signed by the appellant's at-
torney and approved by the judge. It is most reasonable to conclude
from the testimony of appellant and his attorney about the absence of
said Paris witnesses and what he expected to prove by them, that appel-
lant's attorney in argument to the jury discussed said absent witnesses
and what he expected to prove by them and that they would have given
testimony tending to establish an alibi for him, and that it was in reply
to this argument that the district attorney made the remark he did about
the unreliability of alibi testimony. Whether the remark as to the un-
reliability of alibi testimony by the district attorney as a general propo-
sition was true or not, it turned out that in this instance the claimed
testimony of appellant's said absent witnesses clearly bore out said re-
mark by the district attorney. for when they were produced and testified
before the judge, as stated by him, they would not testify to a state of
fact that would have established or tended to establish an alibi for ap-
pellant in this instance. But in all events said remark by the district

attorney, complained of in appellant's bill would not justify this court to reverse this case. Appellant was assessed the lowest punishment.

The judgment is affirmed.

*Affirmed.*